# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SAMUEL JANIK, *Special Administrator of the Estate of Stanley R. Janik* and SAMUEL JANIK, *Individually and as Surviving Son of Stanley R. Janik*,

  Plaintiffs,

v.

PLUMBERS WELFARE FUND LOCAL 130 UA,

  Involuntary Plaintiff,

v.

GRANDE PRAIRIE CARE AND REHAB CENTER LLC, GRANDE PRAIRIE PROPCO LLC, ABC CORPORATION, and XYZ INSURANCE CORPORATION,

  Defendants.

Case No. 24-CV-1657-JPS

**ORDER**

In November 2024, Plaintiffs Samuel Janik, Special Administrator of the Estate of Stanley R. Janik, and Samuel Janik, Individually and as Surviving Son of Stanley R. Janik ("Plaintiffs"), along with Involuntary Plaintiff Plumbers Welfare Fund Local 130 UA, sued Defendants Grande Prairie Care and Rehab Center LLC ("Grande Prairie"), Grande Prairie Propco LLC, ABC Corporation, and XYZ Insurance Corporation (collectively, "Defendants") for alleged personal injury and wrongful death under Wisconsin law. ECF No. 1-2 at 2. Specifically, the complaint alleges

that Plaintiffs' decedent, Stanley R. Janik, suffered injuries in Grande Prairie's care and as a result of Grande Prairie's negligence, which ultimately led to Stanley R. Janik's death. *Id.* at 5–8.

On December 23, 2024, Grande Prairie removed this action to this Court. ECF No. 1. Grande Prairie asserts that the Court has original jurisdiction over the action under "28 U.S.C. § 1331 and 42 U.S.C. § 1983." *Id.* at 1. Grande Prairie further asserts that it "appears from the complaint [that] this is a civil action asserting a claim under . . . 29 U.S.C. § 201 et. Seq 207 (o)5, and 216(b)." *Id.* at 2.

Those assertions do not appear to be accurate. 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." Under § 1331, on which Grande Prairie premises the removal, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1441(c) allows for the removal of an entire action containing both federal law claims and state law claims if the action includes "a claim arising under the constitution, laws, or treaties of the United States (within the meaning of section 1331 . . .)." For removal purposes, federal questions must appear on the face of the complaint; even federal defenses to an action will not, independently, allow for removal. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).

Grande Prairie cites to 42 U.S.C. § 1983 in support of its removal, ECF No. 1 at 1, but there is no reference to that statute, explicit or otherwise, in Plaintiffs' complaint, and the complaint does not contain factual allegations that would support a civil rights claim. *See Thomas v. Neenah Joint Sch. Dist.*,

Page 2 of 4
Case 2:24-cv-01657-JPS    Filed 01/08/25    Page 2 of 4    Document 2

74 F.4th 521, 523 (7th Cir. 2023) (explaining applicability of § 1983). There is also no state actor involved in the case. *See Malec Holdings II Ltd. v. English*, 217 F. App'x 527, 530 (7th Cir. 2007) ("[I]t is well established that § 1983 requires that a defendant have acted under color of state law, and thus, in general, only state actors are subject to § 1983 liability." (citing *Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006))); *see also Hallinan v. FOP*, 570 F.3d 811, 815 (7th Cir. 2009) ("Unions are not state actors; they are private actors." (citing *Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1998))). In sum, § 1983 does not appear to have any relevance or applicability to this case.

Grande Prairie also cites to several provisions of the Fair Labor Standards Act (the "FLSA"). ECF No. 1 at 2 (citing 29 U.S.C. §§ 207(o)5 and 216(b) (maximum hours provision and penalties provision, respectively)). But Plaintiffs' complaint does not reference the FLSA, nor do the allegations therein appear to implicate the FLSA.

In light of the foregoing, Grande Prairie is hereby ordered to amend its notice of removal and/or show cause as to why this case should not be remanded for lack of jurisdiction and/or improper removal. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Failure to timely or satisfactorily do so will result in the remand of this matter to state court.

Accordingly,

**IT IS ORDERED** that Defendant Grande Prairie Care and Rehab Center LLC be and the same shall hereby **AMEND** its notice of removal and/or **SHOW CAUSE** as to why this case should not be remanded for lack of jurisdiction and/or improper removal, on or before **January 15, 2025**.

Failure to timely or satisfactorily do so will result in the remand of this matter to state court.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge